**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:09CV-P221-R**

DARRIN PADDOCK                                                                       PLAINTIFF

v.

JOHN WOODS *et al.*                                                                  DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Darrin Paddock filed a *pro se* complaint under 42 U.S.C. § 1983 alleging denial of medical treatment.  Due to the lack of specificity of the complaint, on April 9, 2010, the Court ordered Plaintiff to re-file his complaint on the § 1983 complaint form approved by this Court within 30 days.  The Court ordered Plaintiff to state specifically the facts of his case, including a description of his medical condition and the medical treatment allegedly denied by Defendants. In addition, Plaintiff did not submit completed summons forms for Defendants.  The April 9, 2010, Order also directed Plaintiff to submit completed summons forms for each Defendant.  The Order warned Plaintiff that failure to comply with the Order within 30 days may result in dismissal of the action.  Over thirty days have passed, and Plaintiff has failed to comply with the Order.

Upon filing this action, Plaintiff assumed the responsibility to actively litigate his claims. Plaintiff is subject to dismissal for failure to comply with an order of this Court.  Fed. R. Civ. P. 41(b).  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "[T]he lenient treatment of *pro se* litigants has limits.  Where, for example, a

*pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc:     Plaintiff, *pro se*
4413.010